UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TLALOC BRUNO-GONZALEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>KIMNAM CO., INC. and YUN SUK NAM,<br><br>Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tlaloc Bruno-Gonzalez (hereinafter "Bruno-Gonzalez," or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Braverman Law PC, complaining of defendants Kimnam Co., Inc., d/b/a Café Exchange ("Kimnam Co.") and Yun Suk Nam ("Nam") (collectively referred to as "Defendants"), alleges:

NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL") on behalf of the staff who worked for Defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

1

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Bruno-Gonzalez' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the deli operated by Defendant Kimnam Co. d/b/a "Café Exchange," which is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff Bruno-Gonzalez resides in Bronx County, New York.

6. Defendants employed Bruno-Gonzalez from approximately December 2011, when he began working for Defendants, until on or about July 7, 2017, when the Defendants fired him. Plaintiff was tasked with various duties, including making deliveries, stocking inventory, and cleaning the premises of the deli.

**Defendants**

7. Defendant Kimnam is a New York Corporation that owns, operates, and does business as "Café Exchange," a deli located at 46 Broadway, New York, New York 10006. Café Exchange is a large deli that sells a variety of cooked food, fruit, candy, beverages and snack foods, and also has a deli counter and a salad bar.

8. Defendant Kimnam has employees engaged in commerce or in the production of goods for commerce and selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Upon information and belief, Kimnam has annual gross volume of sales in excess of $500,000.

10. Defendant Kimnam is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Defendant Nam is a person engaged in business in the City of New York, County of New York who is an owner and/or manager of Kimnam.

12. Throughout Bruno-Gonzalez's employment, Name hired and fired employees at Café Exchange, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Café Exchange. Defendant Nam has exercised sufficient control over the operations of Café Exchange to be considered Bruno-Gonzalez's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

13. The claims in this Complaint arising out of the FLSA are brought by Bruno-Gonzalez on behalf of himself and similarly situated employees (i.e., delivery personnel, food preparers, deli counter workers, inventory stockers, etc.) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Deli Staff").

14. The Deli Staff consist of approximately 10 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

15. The Deli Staff consist of employees who, during their employment with Defendants, worked by being making deliveries, stocking and preparing goods for sale, providing deli counter services, preparing food to be sold by the Deli, and any number of additional related tasks, and fell into the category of non-exempt, non-managerial employees.

16. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the Deli Staff by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a. failing to keep accurate records of hours worked by the Deli Staff as required by the FLSA and the NYLL;
   b. failing to pay the Deli Staff minimum wages for all hours worked; and
   c. failing to pay the Deli Staff overtime pay for all hours worked over forty.

17. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

18. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Deli Staff.

19. Deli Staff would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Kimnam Co., are readily identifiable, and locatable through Kimnam Co.'s records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's hours worked**

20. From the period beginning on or about December 2011 and continuing until on or about the middle of 2013, 2013, Bruno-Gonzalez worked at Café Exchange for 5 days each week. He was scheduled to work from 9:00 a.m. until 7:00 p.m., with breaks each day lasting approximately a total of one hour, such that he worked approximately 9 hours a day. As a result, Bruno-Gonzalez worked an average of approximately 45 hours per week during this time period.

21. During this initial period, Bruno-Gonzalez was paid a sum of $280.00 per week, plus tips made as a deliveryman. Based on a forty-hour work week, this amounted to $7.00 per hour, below the then applicable minimum wage under the FLSA and NYLL of $7.25 per hour.

22. Beginning in around the middle of 2013, Plaintiff Bruno-Gonzalez began working 6 days a week, taking off on Sundays. During the week his schedule would be from approximately 6:00 a.m. until 4:00 p.m., with a total of 1 hour of a break, and on Saturdays he would work a 9-hour shift (but with little, if any breaks); as a result he

5

worked a total of approximately fifty-four hours a week. His pay during this period was a sum of $420.00 per week, plus tips from his deliveries.

23. Starting in approximately October 1, 2016, his pay was increased to $575.00 per week. He was working 6 days a week, from approximately 6 a.m. to 4:00 p.m., for a total of approximately fifty-four hours a week

24. Plaintiff was out of work for approximately a month and one-half, from January 1, 2017 until approximately February 15, 2017, due to an injury. After his return, he worked only 5 days a week, from approximately 6:00 a.m. until 4:00 p.m., for a total of approximately forty-five hours per week. He received a sum of $450.00 per week.

25. During his employment with Defendants, Plaintiff Bruno-Gonzalez never worked more than 3 hours a day making deliveries. The balance of his day was spent stocking inventory, cleaning and various other related tasks at the deli.

**Defendants failed to pay minimum wages or overtime wages, and failed to provide paystubs or other required notices.**

26. Bruno-Gonzalez was always paid in cash.

27. The Defendants did not provide paychecks or paystubs to Bruno-Gonzalez.

28. The Defendants did not provide Bruno-Gonzalez with notices informing him of, *inter alia*, his rate of pay at the time of hiring.

29. The Defendants did not provide Bruno-Gonzalez with notices informing

him that Café Exchange would be taking a "tip credit" against his wages.

30. Bruno-Gonzalez never received any compensation for the hours over forty that he worked in a workweek.

31. The defendants did not pay plaintiff at the overtime rate of one and one-half (1.5) times the regular hourly rate for all hours worked in excess of forty hours per week.

## FIRST CLAIM
(Fair Labor Standards Act – Unpaid Overtime)

32. Bruno-Gonzalez repeats and realleges all forgoing paragraphs as if set forth herein.

33. Defendants were required to pay Bruno-Gonzalez and the Deli Staff one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

34. Defendants failed to pay Bruno-Gonzalez and the Deli Staff the overtime wages to which they were entitled under the FLSA.

35. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Bruno-Gonzalez and the Deli Staff overtime wages.

36. Due to Defendants' violations of the FLSA, Bruno-Gonzalez and the Deli Staff are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
(New York Labor Law – Unpaid Overtime)

37. Bruno-Gonzalez repeats and realleges all forgoing paragraphs as if set forth herein.

38. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Bruno-Gonzalez one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of forty in a workweek.

39. Defendants failed to pay Bruno-Gonzalez the overtime wages to which he was entitled under the NYLL.

40. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Bruno-Gonzalez overtime wages.

41. Due to Defendants' willful violations of the NYLL, Bruno-Gonzalez is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
(New York Labor Law – Unpaid Minimum Wage)

42. Bruno-Gonzalez repeats and realleges all forgoing paragraphs as if set forth herein.

43. Defendants are employers within the meaning of the NYLL §§ 190 et seq., 651(5), and 652, and supporting New York State Department of Labor Regulations.

44. Defendants failed to pay Bruno-Gonzalez the minimum wages to which he was entitled under the NYLL.

45. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Bruno-Gonzalez f minimum hourly wages.

46. As a result of Defendants' willful violations of the NYLL, Bruno-Gonzalez has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## FOURTH CLAIM
(New York Labor Law – Wage Theft Prevention Act)

47. Bruno-Gonzalez repeats and realleges all forgoing paragraphs as if set forth herein.

48. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

49. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

50. Throughout Bruno-Gonzalez' employment with Defendants, Defendants paid him without providing wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours

9

worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

51.     In violation of NYLL § 191, Defendants failed to furnish to Bruno-Gonzalez at the time of hiring, whenever there was a change to HIS rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

52.     Defendants failed to furnish Bruno-Gonzalez with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

53. Due to Defendants' violation of NYLL § 195(1), Bruno-Gonzalez is entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

54. Due to Defendants' violation of NYLL § 195(3), Bruno-Gonzalez is entitled to recover from Defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all Deli Staff who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and NYLL were willful;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff damages for unpaid minimum and overtime wages;

g. awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

    h. awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

    i. awarding Plaintiff pre- and post-judgment interest under the NYLL;

    j. awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    k. awarding such other and further relief as the Court deems just and proper.

Dated:    New York, New York  
           August 4, 2017

                                            BRAVERMAN LAW PC

                                            By: _____  
                                              Adam Braverman  
                                           450 Seventh Avenue, Suite 1308  
                                           New York, New York 10123  
                                           (212) 206-8166  
                                           adam@bravermanlawfirm.com

                                           *Attorneys for Plaintiff and the FLSA Collective*