BRAVERMAN LAW PC
450 Seventh Avenue, Suite 1308
New York, New York 10123
T. (212) 206-8166
F. (646) 452-3828

December 21, 2018

**VIA ECF**
Honorable Kevin N. Fox
United States Magistrate Judge
District Court of the Southern
District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Bruno-Gonzalez v. Kimnam Co., Inc., et al.*
      <u>Case No.: 17-cv-05945 (KNF)</u>

Dear Judge Fox:

  I represent Plaintiff Tlaloc Bruno-Gonzalez ("Plaintiff" or "Bruno-Gonzalez") in the above-referenced matter brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). I am separately filing a revised letter seeking approval of the settlement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (the "Letter"). The Letter includes, as Exhibit A thereto, a revised Settlement Agreement, and as Exhibit C thereto, revised time records (the Letter also includes, as Exhibit B, a Confession of Judgement though this document was not revised).

  The Letter, the Settlement Agreement and the time records have been updated to reflect the changes that we discussed, but I would like to provide further explanation. First, the installment amounts set forth in Section 4 of the Settlement Agreement remain unchanged, with the only change being the replacement of the word "Defendants" with "Plaintiff" in the same section. Counsel for Defendants and I have concurred that this typo can be corrected by simply substituting a changed page rather than necessitating the re-execution of the document.  The Letter's recitation of the dollar amounts to be received by Plaintiff and this firm, after recoupment of costs, changed slightly, but are consistent with the sums set forth in the Settlement Agreement; and these sums now accurately reflect that Plaintiff would receive 66.67% of the net settlement proceeds (after costs recoupment) and this firm would receive 33.33% of such proceeds. Finally, as to the time sheets, the total number of hours remained unchanged, at 21.71 hours. Two time entries for preparation for the initial case management conference and time spent traveling to and from that conference, were corrected to change the date from April 26, 2018 to April 25, 2018 (the date of the conference). I also reduced the billable rate by 50% for the .7 hours spent traveling to and from the initial case management conference on Aril 25, 2018. *See Pennacchio v. Powers*, No. 05-CV-985 (RRM)(RML), 2011 WL 2945825, at 1 (E.D.N.Y. July 21, 2011) ("it is customary in this circuit to reduce attorney's fees by fifty percent for travel time").  This had the effect of reducing the lodestar

Hon. Kevin N. Fox
December 21, 2018
Page 2 of 2

by the amount of $122.50, from $7,598.50 to $7,476.00 (also reflected in the updated Letter), which is still higher than the requested legal fee of $5,644.89.  Also, the time entry for August 16, 2018 was updated to reflect attendance at the settlement conference and the descriptions for the entries relating to preparation of the Cheeks letter and the Settlement Agreement were revised.

    Thank you for your consideration.

                                          Respectfully submitted,

                                          Adam Braverman, Esq.

cc:      Jonathan Sue, Esq. (via ECF)